304 P.2d 1101

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Joe MOORE, Defendant-Appellant.**
**No. 8426.**

Supreme Court of Idaho.
Dec. 4, 1956.

Rehearing Denied Jan. 9, 1957.

Carver, McClenahan & Greenfield, Givens, O'Leary, Doane & Givens, Boise, for appellant.

Graydon W. Smith, Atty. Gen., J. R. Smead, Asst. Atty. Gen., Blaine F. Evans, Pros. Atty., Boise, for respondent.

TAYLOR, Chief Justice.

November 23, 1955, defendant (appellant) was accused by information of the prosecuting attorney of the infamous crime against nature, alleged to have been committed in Ada County, State of Idaho, on the 1st day of January, 1955.

On November 29, 1955, the defendant appeared with his counsel. The information was read to defendant and a copy was given him. On defendant's motion further arraignment was continued to December 9th. On December 9th defendant and his counsel again appeared and upon request of defendant's counsel "the court continued further hearing herein until" December 16, 1955. December 14, 1955, the prosecuting attorney, with defendant and his counsel, appeared before the court "to plead to the information", and, upon arraignment by the court, the defendant pleaded guilty as charged. The prosecuting attorney made a statement for the information of the court, and counsel for defendant made a statement on his behalf. Nine witnesses were sworn and testified for the defendant. The court then continued "further proceedings" until December 23, 1955.

December 23, 1955, the prosecutor, with the defendant and his counsel, appeared. Defendant's counsel moved that the record be extended to include a medical report submitted in writing by Dr. Dale Cornell, and a telegram from one McKee of Eugene, Oregon, offering employment to the defendant. Defendant's counsel also moved that the court withhold judgment on the ground that the defendant had received further medical treatment since the last medical report was submitted, and that additional expert medical testimony from Dr. J. L. Butler would be available December 27,

1955, and should be received by the court. Defendant also made a motion for an order granting probation. The court granted the motion to extend the record, and denied the motions to withhold judgment and grant probation. These denials are assigned as error.

■ From the clerk's transcript and the notice of appeal, it appears these motions were made and denied after judgment of conviction and sentence was pronounced. The State urges that the court lacked jurisdiction to consider the motions at that stage of proceedings, citing State v. Ensign, 38 Idaho 539, 223 P. 230; State v. Johnson, 75 Idaho 157, 269 P.2d 769. However, the motions were made on the occasion of the rendition of judgment and, in making the motions, counsel for appellant requested the court to let the record show the motions were made after judgment of conviction, but prior to sentence. Under the circumstances we shall review the orders.

■ Appellant contends the pre-sentence investigation or hearing should have been further continued in order to permit the introduction of the testimony of Dr. Butler. We have held that the court on application for probation should hear the evidence offered, both in aggravation and in mitigation of the offense, and should consider such evidence in exercising its discretion invoked by the motion. State v. Mitchell, 77 Idaho 115, 289 P.2d 315.

While the trial court should exercise great liberality in receiving and considering all evidence offered, the conclusion is unavoidable that the court must also have and exercise a sound discretion as to the extent of the hearing to be had upon such application. Here the trial court in denying the motion to withhold sentence for the purpose of receiving the testimony of Dr. Butler, observed that the proposed testimony would be largely cumulative. We are unable to say the trial court abused its discretion in denying the motion.

 The request for probation was predicated upon the testimony of witnesses as to the defendant's previous good character, reputation and standing in the community; his good family relationships; the testimony of Dr. Cornell, psychiatrist, that he had treated the defendant and considered him a good risk for probation, and that probation is important to continued therapy.

"In considering an application for probation the court must also consider, among other things, the showing made as to whether the defendant is a first offender, as to his previous character and actions, and as to whether it reasonably appears that defendant will abide by the terms of his probation and may be reasonably expected to be rehabilitated; and should also consider the interests of society." State v. Mitchell, 77 Idaho 115, at page 118, 289 P.2d 315, at page 316.

Rehabilitation is not the controlling consideration in the administration of criminal justice. The trial judge in this case listed the objectives of criminal punishment as follows:

"1. Protection of society;

"2. Deterrence of the individual and the public generally;

"3. The possibility of rehabilitation;

"4. Punishment or retribution for wrongdoing."

The primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end. Important as are the humanitarian considerations affecting the accused, his family and other relatives, and the importance to society of rehabilitation itself, such considerations cannot be allowed to control or defeat punishment, where other factors are ignored or subordinated to the detriment of society.

Opposed to the application for probation, the State made a showing of various forms of homosexual activity on the part of the accused, extending over a period of twelve or thirteen years, and involving teen-age boys as well as adults. This showing is supported by the report of appellant's psychiatrist, Dr. Cornell. In the face of such a record this court is precluded from hold-

364

ing that the trial court abused its discretion in denying probation.

The judgment and orders appealed from are affirmed.

KEETON, PORTER, ANDERSON, and SMITH, JJ., concur.