736 P.2d 853

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Gilbert D. TORRES,**
**Defendant-Appellant.**

No. 16572.

Court of Appeals of Idaho.

Feb. 26, 1987.

Rehearing Denied June 4, 1987.

Alan E. Trimming, Ada County Public Defender, George M. Parham, Deputy Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., David R. Minert, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Following plea negotiations, Gilbert Torres entered a plea of guilty to aggravated assault. *See* I.C. § 18–905.[1] Torres received the maximum sentence, a fixed period of five years. *See* I.C. § 18–906. The sole issue on appeal is whether the sentence was excessive and therefore an abuse of sentencing discretion. We find no abuse and affirm the judgment imposing the sentence.

A sentence within the statutory maximum will not be disturbed unless an abuse of discretion is clearly shown. *State v. Couch,* 103 Idaho 496, 650 P.2d 638 (1982); *State v. Cotton,* 100 Idaho 573, 602 P.2d 71 (1979). A sentence may represent an abuse of discretion if it is shown to be unreasonable upon the facts and circumstances of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982).

> [A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.
>
> Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.

*State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

For the purpose of sentence review, the duration of confinement imposed by a

---

1. Idaho Code § 18–905 provides:
   Aggravated assault defined.—An aggravated assault is an assault:
      (a) With a *deadly weapon or instrument* without intent to kill; or
      (b) By any means or force likely to produce great bodily harm.[; or]
      (c) With any vitriol, corrosive acid, or a caustic chemical of any kind.
      (d) "Deadly weapon or instrument" as used in this chapter is defined to include any firearm, though unloaded or so defective that it cannot be fired.

fixed sentence is deemed to be the facial term of the sentence less the formula reduction for good conduct available as a matter of right under I.C. § 20–101A. *State v. Miller,* 105 Idaho 838, 673 P.2d 438 (Ct.App.1983). Here, that reduction would remove 480 days, leaving a period of approximately three and two-thirds years.

■■■■ When weighing the facts of a given case, we conduct an independent examination of the record. We focus upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). An appellant bears the burden of furnishing a record adequate to evaluate his claim of error. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984); *State v. Wolf,* 102 Idaho 789, 640 P.2d 1190 (Ct.App.1982). Here, Torres has not provided us with a copy of the presentence investigation report utilized by the district court at sentencing. Therefore, appellate review of his sentence is severely hampered.

■■■■ The record provided to us discloses that Torres initially was charged with assault accompanied by intent to commit a serious felony and with attempted rape. He apparently had entered a residence with the intent of committing burglary. At the preliminary hearing the victim testified that, when confronted, Torres brandished a gun and threatened her with rape. However, when she became ill, he desisted and expressed concern for her welfare. In exchange for a guilty plea to aggravated assault, the prosecutor agreed to recommend that the court retain jurisdiction for 120 days while Torres was evaluated. *See* I.C. § 19–2601. The state made this recommendation but also urged that the maximum sentence be imposed. The sentencing court is not required to accept the state's recommendation. *State v. Rossi,* 105 Idaho 681, 672 P.2d 249 (Ct.App. 1983). Refusal to retain jurisdiction will not be deemed clear abuse of discretion if the court already has sufficient information to determine that a suspended sentence and probation would be inappropriate. *State v. Toohill, supra.* The judge imposed the

five-year fixed term and declined to retain jurisdiction.

In mitigation, Torres points to his troubled childhood, the death of his mother during his youth, and the contribution of alcohol to his behavior. The record reflects no prior felonies as an adult. He contends that he did not physically harm the victim and showed "compassion" when she became ill. He argues that the sentence does not provide for rehabilitation. At the sentencing hearing, Torres' counsel argued for committal to a sex offender's program.

As noted, we are without the benefit of the presentence report. We have examined the limited record before us. It does not establish an unreasonable sentence. When sentencing Torres, the district court alluded to the seriousness of the crime. The court identified a long-term disregard by Torres for societal standards. After concluding that a continuing risk to society existed, the court stated, "I feel I must simply maximize the time you are not in contact with other people. . . ."

■■■■ "Rehabilitation is not the controlling consideration in the administration of criminal justice." *State v. Moore,* 78 Idaho 359, 363, 304 P.2d 1101, 1103 (1956). "The primary consideration is,- and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end." *Id.* A term of confinement is reasonable, and not excessive, to the extent it appears necessary to accomplish the primary objective of protecting society and to achieve any related goals of deterrence, rehabilitation or retribution. Although Torres received the maximum sentence, we cannot say it was excessive.

The judgment imposing the sentence is affirmed.

WALTERS, C.J., concurs.

BURNETT, Judge, specially concurring.

I join the Court in holding that although the sentence imposed is strict, it has not been shown upon the present record to be an abuse of discretion. However, a further comment regarding the scope of the record

is appropriate. As noted by the Court, the presentence investigation report is missing. This omission may or may not be the result of a tactical decision by appellant's counsel. Such ambiguity exists because our appellate rules do not make it clear that counsel must specifically request the presentence investigation report to be included in the appellate record. Indeed, the rules may give the opposite signal.

The rules treat an appellate "record" as consisting of three parts: the reporter's transcript, the clerk's record and the exhibits. A presentence investigation report logically would appear to be an exhibit. Rule 28, I.A.R., provides that a "[c]ertificate listing all exhibits offered, whether or not admitted," must be included automatically in the clerk's record. Rule 31 governs the exhibits themselves. It provides that *"[a]ll exhibits offered or admitted in a trial or proceeding* ... shall be lodged by the clerk of the district court ... with the Supreme Court together with a certificate...." (Emphasis added.) These rules may be read to mean that a presentence investigation report submitted in connection with a sentencing proceeding will be listed as an exhibit in the clerk's certificate and will be lodged automatically with the Supreme Court.[1]

However, as experienced counsel know, many clerks do not equate presentence investigation reports with other exhibits. Rather, and arguably for good cause, the clerks treat them as special, confidential exhibits. The clerks do not forward these reports to the Supreme Court in noncapital cases unless specifically requested or ordered to do so. The appellate rules do not alert inexperienced practitioners to this potential problem. Although the rules mention supplementation of the standard reporter's transcript (Rule 25), and addition of documents to the clerk's record (Rule 28), they do not mention specific requests for confidential exhibits.[2]

This Court on numerous occasions has encountered the problem of missing presentence investigation reports in appeals where sentences are challenged. Acting *sua sponte,* we could augment the record with a missing report under Rule 30. But generally we have done so only when it has become apparent, from references to the report in briefs or oral arguments, that the attorneys believe the report already is in our possession. The instant case was submitted without oral argument. The skeletal briefs do not cite the presentence investigation report. Accordingly, we find ourselves deciding the case upon a record that fails to disclose all the relevant facts concerning the offense and the offender.

If omission of the presentence investigation report has resulted from inadvertence rather than from a tactical decision, appellant may petition this Court for rehearing and he may accompany his petition with a motion to augment the record. Of course, I intimate no view as to whether the ultimate result on appeal would be changed. However, I urge counsel in future cases to address this problem when the appellate record is settled. Moreover, I urge our Appellate Rules Committee, and the Supreme Court, to clarify the rules by giving practitioners more explicit guidance on the recurring problem of presentence investigation reports in noncapital cases.

---

1. This meaning is given explicit force in death penalty cases. Rule 28(a)(2)(L), I.A.R., provides that in such a case, "the presentence investigation report shall be forwarded as an exhibit to the record."

2. The gap in the appellate rules is not filled by the criminal rules. Rule 32(h)(3), I.C.R., simply authorizes disclosure of the presentence investigation report on appeal. It provides that the report "shall be available for review in courts of appeal when relevant to an issue on which an appeal has been taken." The rule does not specify where or how relevancy will be determinated. Neither does it indicate whether the report should or should not be transmitted to the Supreme Court (under seal to protect its confidentiality) along with other exhibits in the case.