798 P.2d 467

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Kelly Robin DOUGLAS, Defendant–Appellant.**

**No. 18217.**

Court of Appeals of Idaho.

Sept. 27, 1990.

Randall D. Schulthies, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen., Michael J. Kane, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

This is a sentence review case. Kelly Douglas pled guilty to one count of driving a vehicle without the owner's consent, and to two counts of drawing a check with insufficient funds. Douglas was sentenced to six months in jail for the "joyriding" offense. On each of the insufficient funds charges, Douglas received a three-year unified sentence with a fixed term of two years plus an indeterminate term of one year. These two sentences for insufficient funds are to run consecutively. Douglas was also ordered to pay restitution for several other worthless checks he had written. On appeal, Douglas argues that the district court abused its discretion in sentencing him to such a lengthy period of confinement for the two counts involving insufficient fund checks. For the reasons explained below, we affirm.

 Drawing a check on insufficient funds is a felony carrying a maximum penalty of three years. I.C. § 18–3106(b). Where a sentence is within the statutory limits, we will not disturb it on appeal absent a clear showing that the district court abused its discretion. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982). Also, under I.C. § 18–308, whether sentences should be served consecutively is a question committed to the discretion of the sentencing court. *State v. Lloyd*, 104 Idaho 397, 659 P.2d 151 (Ct.App.1983). A sentencing court will be deemed to have abused its discretion if the sentence is unreasonable under the particular facts of that case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982).

 For purposes of appellate review, we treat the minimum period of confinement as the probable length of time Douglas must spend in prison before being eligible for parole. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). Here, Douglas will be incarcerated for a minimum of four years because the sentences for drawing a check on insufficient funds are to run consecutively. Consequently, it is this period of time which must be shown to be unreasonable in light of the facts of the case.

 A sentence will be considered reasonable if it reasonably satisfies the sentencing goals set forth in *State v. Toohill, supra*. These goals include the protection of society, deterrence, rehabilitation, and retribution. *Id.* When considering whether these sentencing goals have been met reasonably, we focus on the nature of the offense and the character of the offender. *State v. Amerson*, 113 Idaho 183, 742 P.2d 438 (Ct.App.1987) (review denied).

Douglas contends that his sentence is unreasonable because the sentencing judge failed to consider the following factors: his youthful age, the fact that he has already served over eleven months in prison, the fact that the offense was property related and no one was injured, his cooperation with law enforcement authorities, and the fact that his wife and children are dependent on him for support. Douglas argues that these mitigating circumstances support his contention that the sentencing judge failed adequately to consider his potential for rehabilitation. Douglas asks this court to reduce his sentence to an indeterminate term not to exceed two years for each count of drawing a check on insufficient funds. He also asks that these two sentences run concurrently rather than consecutively.

It is evident from the record that the judge was primarily concerned with protecting the public from further injury and in achieving the goal of deterrence. The judge did articulate that he also considered the related goals of retribution and rehabilitation in arriving at Douglas' sentence. Douglas nevertheless argues that the sen-

tencing goal of rehabilitation requires that he receive a lesser sentence. However, "[r]ehabilitation of the defendant is but one of the several sentencing objectives and, by itself, is not controlling." *State v. Bias,* 111 Idaho 129, 132, 721 P.2d 728, 731 (Ct. App.1986).

 Our Supreme Court has held that deterrence alone is a sufficient reason for imposing a prison sentence. *State v. Adams,* 99 Idaho 75, 577 P.2d 1123 (1978). In addition, our Supreme Court has previously held that the primary consideration is the good order and protection of society. *State v. Moore,* 78 Idaho 359, 304 P.2d 1101 (1956). *See also State v. Pettit,* 104 Idaho 601, 661 P.2d 767 (Ct.App.1983) (paramount sentencing objective is protection of society). However, when determining whether a sentence is appropriate for an offender, the judge must balance the goals of retribution, protection of society and deterrence against the defendant's potential for rehabilitation. *State v. Stanfield,* 112 Idaho 601, 733 P.2d 822 (Ct.App.1987); *State v. Freeman,* 110 Idaho 117, 714 P.2d 86 (Ct. App.1986).

In the present case, the judge did balance Douglas' potential for successfully completing probation against the other sentencing objectives and concluded that Douglas should be incarcerated because the goals of deterrence and protection of society outweighed Douglas' capacity for rehabilitation without incarceration. The judge noted that the presentence investigation revealed that Douglas had already been involved in three theft-related crimes: accessory to shoplifting, burglary, and theft of rental property. Douglas was placed on probation for committing each of these crimes. The judge also noted that at the time Douglas wrote the bad checks in this case he was on probation for committing an offense in the state of Iowa. After considering Douglas' propensity to steal, the judge concluded that probation was not a viable alternative. Despite Douglas' lengthening criminal record, however, the judge made a portion of each sentence indeterminate to give Douglas some incentive

to try to rehabilitate himself while incarcerated.

We conclude that the sentencing judge properly considered and balanced Douglas' potential for rehabilitation against the other sentencing criteria. Accordingly, we hold that the district court did not abuse its discretion in sentencing Douglas. The judgment of conviction (labeled minute entry and order) and the sentences are affirmed.

WALTERS, C.J., and SILAK, J., concur.