822 P.2d 567

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Daniel Arthur ELLIOTT,
Defendant–Appellant.**

**No. 18985.**

Court of Appeals of Idaho.

Nov. 29, 1991.

Petition for Review Denied Jan. 24, 1992.

Daniel A. Elliott, pro se.

Larry J. EchoHawk, Atty. Gen., Kevin P. Cassidy, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

In this appeal, Daniel Arthur Elliott asserts that the district court erroneously denied his two Rule 35 motions challenging the reasonableness and legality of his sentence. In his first Rule 35 motion, Elliott asked the trial court to reduce his sentence, claiming that the sentence was excessive given his rehabilitative progress while in prison. After this motion was denied, Elliott submitted a second Rule 35 motion, arguing that his sentence was illegal because the district court lacked authority to order that his sentence be served consecutive to the sentence he was already serving. On appeal, Elliott claims the district court erred in denying these motions. He also contends the court's application of sentencing criteria was not proper. We find no error and affirm.

### Facts

The essential facts may be summarized as follows. Elliott was charged under I.C. § 18–3106(a) with two counts of issuing a check without funds. At the time Elliott was charged with these crimes he was on parole for a previous forgery conviction. By the time of sentencing in this case, Elliott's parole had been revoked in the prior case and he was serving out the remainder of his sentence on the forgery conviction. Pursuant to a plea agreement in this case, Elliott pled guilty to the first count, and in exchange the state dismissed the second count and agreed to forego filing habitual offender charges or any other charges against Elliott. The state also agreed to recommend that Elliott receive a three-year unified sentence with one year fixed, to run consecutive to the sentence Elliott was already serving.

After taking Elliott's guilty plea, the district court ordered a pre-sentence investiga-

tion. At the sentencing hearing, the judge imposed a unified sentence of three years with the first year fixed. The judge also ordered that this sentence run consecutive to the sentence Elliott was already serving. The maximum penalty Elliott could have received for this conviction was three years imprisonment and a fine of $5,000. I.C. § 18–3106(a).

Elliott subsequently filed two motions for reconsideration of his sentence pursuant to I.C.R. 35. In his first motion Elliott petitioned the district court to reduce his sentence or make it run concurrent to the sentence he was already serving, based on his alleged rehabilitation while in prison. Elliott further requested a court-ordered progress report which he claimed would substantiate his good behavior and work history while in prison. The trial judge denied the motion on the grounds that the court remained unpersuaded by Elliott's representations in light of his extensive criminal history and the greater need to protect society.

In his second motion, Elliott asserted that the court's order requiring him to serve his new sentence consecutive to the sentence he was already serving was illegal as being contrary to I.C. § 18–308. The trial court denied this motion on the grounds that it was within the scope of its discretionary power to impose the sentence consecutively.

### Issues

On appeal, Elliott assigns three errors to the district court's rulings. He asserts: (1) that the district court abused its discretion by denying his motion for reduction of sentence with his accompanying motion for a court-ordered progress report and hearing; (2) that the trial court abused its discretion in ordering that the sentence imposed in this matter be served consecutive to his pre-existing sentence; and (3) that the trial court erred in emphasizing the sentencing goal of protecting society from Elliott rather than the goal of rehabilitation. These issues will be discussed in turn.

### Discussion

 Elliott claims that the district court abused its discretion by denying his motion to reconsider and motion for a court-ordered progress report without hearing favorable evidence in support of those motions. A motion to reconsider a sentence that is within the statutory limits is addressed to the trial court's sound discretion. *State v. Arambula*, 97 Idaho 627, 630, 550 P.2d 130, 133 (1976). The trial court's decision regarding such a motion will not be disturbed on appeal unless the appellant can show a clear abuse of discretion by the trial court. *State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). To satisfy this burden, the appellant must show that the sentence was unreasonable when imposed, or later became unreasonable in light of additional information presented in the motion for reduction. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct.App. 1987). In determining whether a sentence is reasonable, we consider the sentence in light of well-established sentencing criteria: (1) protection of society, (2) deterrence of the individual and the public generally, (3) the possibility of rehabilitation, and (4) punishment or retribution for wrongdoing. *State v. Enno*, 119 Idaho 392, 409, 807 P.2d 610, 627 (1991). The primary consideration among these four objectives is the good order and protection of society. *Id.* When considering whether these sentencing goals have been met reasonably, we focus on the nature of the offense and the character of the offender. *State v. Douglas*, 118 Idaho 622, 623, 798 P.2d 467, 468 (Ct.App.1990). Where reasonable minds might differ, we will not substitute our view for that of the sentencing judge. *State v. Broadhead*, 120 Idaho 141, 146, 814 P.2d 401, 406 (1991).

In his motion for reduction of sentence, Elliott requested that his sentence be reduced on grounds that "he had made significant progress in making certain changes which would insure that his previous thinking errors not [sic] repeated...." Elliott's motion included assertions that he had sought and obtained the help of a psychologist, was teaching classes to his

fellow inmates, was enrolled in a course to obtain a paralegal degree, and had worked in the Prison Law Library receiving exceptional work evaluations. Elliott's motion also requested a court-ordered progress report from prison officials and a later hearing in which he could present these reports as evidence substantiating his claimed rehabilitation.

The trial court denied both of these requests, and denied Elliott's motion for reduction of sentence. The trial court stated that even if Elliott's claimed efforts and progress toward rehabilitation were true—that he was participating in counseling, was pursuing educational goals, had verifiable employment upon his release, had consistently received exceptional work evaluations while in prison, and had no disciplinary incidents during the time subsequent to his sentencing hearing in October of 1990—these facts would not outweigh the court's concern about the other objectives of sentencing, primarily protection of society, as well as deterrence and retribution. The court stated:

> My duty in passing sentence is in the first instance always to protect society. I must take into account punishment and I must take into account deterrence. And where appropriate, I must consider rehabilitation. But my overriding concern is to protect society.

In deciding to deny Elliott's motion for reduction, the court noted that Elliott was before the court on his tenth felony, all of which were crimes of dishonesty and irresponsibility. The court also noted that at the time of the current offense Elliott was on parole and under treatment for previous similar crimes and, as yet, Elliott had failed to accept personal responsibility for his conduct, placing the blame on his past experience and lack of proper supervision. Based on these reasons, the district court ruled that

> [S]ociety must be protected in this instance. I think the history demonstrates and demands that society be protected. And I think the court has no alternative but to protect society from the defendant.

We hold that Elliott has failed to show that his sentence is unreasonable, or that the district court abused its discretion in denying his motion to reconsider. In view of Elliott's character as evidenced by his prior criminal history, we cannot say that a three-year unified sentence with one year fixed is longer than reasonably necessary to achieve the sentencing objectives outlined above.

Nor can we say that the district court abused its discretion by refusing to conduct a hearing to receive additional evidence in support of the motion. Idaho Criminal Rule 35 provides:

> Motions to correct or modify sentences under this rule ... shall be considered and determined by the court without the admission of additional testimony and without oral argument, unless otherwise ordered by the court in its discretion;
> ....

Pursuant to this rule, whether to conduct a hearing on Elliott's motion was a matter within the trial court's sound discretion, *State v. Puga,* 114 Idaho 117, 753 P.2d 1263 (Ct.App.1987), and we will not disturb the court's decision unless it clearly abused its discretion. To show that the district court abused its discretion, Elliott must demonstrate that the judge unduly limited the information considered before deciding his Rule 35 motion. *Id.*

The district court did not unduly limit the information considered before deciding to deny Elliott's Rule 35 motion. In his motion, Elliott argued that his rehabilitation justified a reduction in his sentence. The court heard all of Elliott's claims of rehabilitation and, in ruling on the motion, accepted them as true. Elliott desired a court-ordered progress report and an oral hearing so that he could substantiate the claims he was making about his rehabilitation. In refusing to grant a hearing for the presentation of further evidence, the district court stated that it was accepting all of Elliott's representations regarding his rehabilitation as true, but the truth of those representations did not overcome the court's concern about the need to protect society. The district court's refusal to ad-

**52**

mit further evidence to support facts that were already accepted as true did not unduly limit the information relevant to ruling on the motion. Therefore, the district court did not abuse its discretion in refusing Elliott's request for a progress report and a hearing.

In his second Rule 35 motion, Elliott claimed that the district court lacked authority to make his sentence run consecutive to the sentence he was already serving on another conviction. He sought correction of this alleged illegality. The district court rejected this argument and denied the motion. For the following reasons we affirm.

Elliott bases his argument on the assumption that I.C. § 18–308 prohibits all consecutive sentences except those specifically set out in the statute as being within the court's discretion. A similar argument was attempted by the defendant in *State v. Lawrence,* 98 Idaho 399, 565 P.2d 989 (1977). In that case, our Supreme Court noted that the discretionary power to impose consecutive sentences was held by the courts at common law, and no permissive legislation was necessary. *Lawrence,* 98 Idaho at 400, 565 P.2d at 990. The Court further stated:

Unless the legislature intended I.C. § 18–308 to abrogate entirely the common law rule pertaining to consecutive sentences and prohibit the court from imposing consecutive sentences except in the narrow range of cases which meet the requirements of that section, the district court in this case would have had common law authority to impose the consecutive sentence. We find no evidence in I.C. § 18–308, either before or after the amendment in 1972, of any legislative intent to abrogate or modify the common law rule with respect to cases not falling within the scope of I.C. § 18–308.

*Lawrence,* 98 Idaho at 400–01, 565 P.2d at 990–91.

▮▮▮▮▮ We hold that pursuant to both statutory and case law, the decision whether to have Elliott's sentences run concurrently or consecutively is within the sound discretion of the trial court. *See, e.g.,*

*State v. Lloyd,* 104 Idaho 397, 659 P.2d 151 (Ct.App.1983) (life sentence for robbery, to be served consecutive to existing sentences for kidnapping and rape, held not to be abuse of court's sentencing discretion). Elliott's extensive criminal record indicates his clear propensity to re-offend, even when he has been released on parole under a situation of structured supervision. We cannot say that the trial court acted unreasonably or abused its discretion in sentencing Elliott to a consecutive rather than a concurrent term of confinement.

▮▮▮ The final issue stated in Elliott's appeal asks this court to redefine Idaho's sentencing objectives to make the goal of rehabilitating offenders co-equal with the goal of protecting society. As early as 1957, our Supreme Court established that the objectives of sentencing criminals are: (1) protection of society, (2) deterrence of the individual and the public generally, (3) the possibility of rehabilitation, and (4) punishment or retribution for wrongdoing. *State v. Moore,* 78 Idaho 359, 363, 304 P.2d 1101, 1103 (1957). In *Moore,* the Court went on to say:

The primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end. Important as are the humanitarian considerations affecting the accused, his family and other relatives, and the importance to society of rehabilitation itself, such considerations cannot be allowed to control or defeat punishment, where other factors are ignored or subordinated to the detriment of society.

*Moore,* 78 Idaho at 363, 304 P.2d at 1103.

As noted above, our Supreme Court recently reiterated the four sentencing objectives stated in *Moore* and numerous succeeding cases, and reconfirmed the rule that "[o]f all these objectives, the primary consideration is 'the good order and protection of society.'" *Enno,* 119 Idaho at 409, 807 P.2d at 627 (citing *Moore*); *see also Broadhead,* 120 Idaho at 146, 814 P.2d at 406; *Toohill,* 103 Idaho at 568, 650 P.2d at 710. Where the objectives of sentencing in Idaho have been clearly enumerated and

prioritized by our Supreme Court, we are without authority to alter that scheme; moreover, we are disinclined to do so. Accordingly, we deny the relief requested by Elliott with respect to this issue.

### Conclusion

For the foregoing reasons, we hold that the district court did not abuse its discretion in denying Elliott's motion for reduction of sentence or his motion to correct an allegedly illegal sentence. We also refuse to alter Idaho's sentencing objectives as established by our Supreme Court. Therefore, the district court's rulings are affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.