858 P.2d 334

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Frederick Daryl KOHO, Defendant–Appellant.**

**No. 20354.**

Court of Appeals of Idaho.

Aug. 17, 1993.

Alan E. Trimming, Ada County Public Defender, August H. Cahill, Deputy Public Defender, Boise, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

PERRY, Judge.

This is a sentence review. Frederick Daryl Koho pled guilty to lewd conduct with a minor under sixteen, a violation of Idaho Code § 18–1508. Koho was committed to the custody of the Board of Correction for an indeterminate life term, with a ten-year period of minimum confinement. On appeal, he contends that his sentence was an abuse of the district court's discretion. We affirm.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978). If the sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus, a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct. App.1989). Thus we view Koho's actual term of confinement as ten years. Koho must establish that under any reasonable view of the facts a period of confinement of ten years for his conviction for felony lewd conduct with a minor under sixteen was an abuse of discretion. This court will not substitute its own view for that of the sentencing judge where reasonable minds might differ. *Toohill, supra.*

On review of a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). At the time of the sentencing, Koho was twenty-seven years old. He had two previous sexual abuse convictions. In 1983, two felony charges of sexual abuse of a child under sixteen were reduced to misdemeanor battery. He

was sentenced to three years' probation which he later violated. In 1985, Koho was convicted of lewd and lascivious conduct and was sentenced to the Board of Correction for a period not to exceed seven years. The court originally retained jurisdiction, but upon review, relinquished jurisdiction to the Board. Koho received his final discharge in November 1991. The offenses in the present case occurred between February and May of 1992.

The presentence report and the psychological evaluation indicated that Koho has had a long history of deviant sexual behavior. Koho admits that there were several other uncharged incidents of sexual abuse of minors. The diagnostic impression in the evaluation was that Koho has "Axis I: Pedophilia, Dysthymic Disorder; Axis II: Schizoid Personality Disorder, with anti-social features." It further indicated that Koho would be unable to suppress his inappropriate sexual conduct, presented a risk to children with whom he has contact, and could not be recommended for community-based sexual offender treatment. Koho was found to present a serious risk to reoffend.

It is clear in this case that the court appropriately considered the nature of the offense and the character of the offender in pronouncing the sentence. Although Koho argues on appeal that the court placed greater emphasis upon the sentencing factors of protection of society and retribution through incarceration rather than rehabilitation, we have held that a sentence need not serve all the sentencing goals; indeed, the goals of retribution and deterrence "by themselves, are sufficient to justify the sentence." *State v. Waddell,* 119 Idaho 238, 804 P.2d 1369 (Ct.App.1991). However, "The primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end." *State v. Moore,* 78 Idaho 359, 304 P.2d 1101 (1956). Reviewing the record in this case, we hold that the court below did not abuse its discretion. The sentence imposed by the court was reasonable.

Accordingly, the judgment of conviction and sentence are affirmed.

WALTERS, C.J., and LANSING, J., concur.