910 P.2d 174

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Danny AESCHLIMAN, Defendant–Appellant.**

**No. 21261.**

Court of Appeals of Idaho.

Feb. 23, 1995.

Jonathan B. Hull, Kootenai County Public Defender, Coeur d'Alene, for appellant.

Alan G. Lance, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

PERRY, Judge.

In this case we are asked to review a sentence imposed for first degree murder by torture. I.C. §§ 18–4001 and –4003. We affirm the sentence imposed by the district court.

After pleading guilty to the first degree murder by torture of his wife, Danny Aeschliman was sentenced to an indeterminate life term of incarceration, with a minimum period of confinement of eighteen years. Aeschliman filed a timely notice of appeal. Aeschliman claims that the district court abused its discretion in arriving at the sentence in this case.[1]

 An appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent examination of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

The record in this case presents the terribly brutal murder of Aeschliman's wife. The evidence presented, before Aeschliman pled guilty, established that the victim had been beaten to death. The beating, during a portion of which the victim was conscious, broke several ribs and severely damaged internal organs, and also bruised her face, neck, head, arms, chest, torso and legs. The injuries to her internal organs, in particular her liver, eventually led to her death. The record further shows that Aeschliman has a long-term history of severe alcohol abuse and that he becomes violent when drinking hard liquor.

 Aeschliman argues that a minimum period of confinement of ten years would have been sufficient to meet all of the sentencing goals. He argues that eighteen years is excessive and that for the purposes of rehabilitation, ten years would be sufficient. However, the opportunity for rehabilitation as a means of achieving protection for society from a defendant's conduct is not the controlling factor. *State v. Moore*, 78 Idaho 359, 304 P.2d 1101 (1956).

The primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end. Important as are the humanitarian considerations affecting the accused, his family and other relatives, and the importance to society of rehabilitation itself, such considerations cannot be allowed to control or

1. As punishment for first degree murder, the accused may be sentenced to death or to a life term in the custody of the Board of Correction. At a minimum, however, the district court must impose at least a determinate term of ten years. I.C. § 18–4004; *State v. Wilson*, 107 Idaho 506, 690 P.2d 1338 (1984). The decision by the sentencing court as to whether the sentence will be some indeterminate term with the possibility of parole after ten years, or shall be some longer period of incarceration without the possibility of parole, extending to life, is a matter within the trial court's discretion.

defeat punishment, where other factors are ignored or subordinated to the detriment of society.

*Id.* at 363, 304 P.2d at 1103.

■ Because the death penalty was a possibility in this case, the district court took great pains to set forth in the record all aggravating and mitigating circumstances. The district court also spent a great deal of time discussing all of the relevant sentencing goals. Having reviewed this, we are unable to find anything that indicates the district court abused its discretion in reaching the sentence it did in this case. As our Supreme Court has noted, the seriousness of a homicide offense mandates a punishment in the form of a substantial prison sentence. *State v. Hooper,* 119 Idaho 606, 609, 809 P.2d 467, 470 (1991). A substantial sentence in this regard reflects society's condemnation of the defendant's conduct, deters other members of society from engaging in similar conduct, and protects society from future crime. *Id.* The gravity of the offense in this case, as shown by the circumstances, is sufficiently egregious to justify a severe measure of retribution and deterrence. We hold that the sentence imposed was reasonable and that the district court did not abuse its discretion.

We conclude that the district court did not abuse its sentencing discretion by imposing an indeterminate life sentence, with a minimum period of confinement of eighteen years, for first degree murder by torture. The judgment of conviction and the sentence are affirmed.

WALTERS, C.J., and LANSING, J., concur.