Judge GUTIERREZ,
concurring in part and dissenting in part.
I concur in sections 11(A) and 11(B) and respectfully dissent in section 11(C) of the majority opinion based on the Idaho Supreme Court’s recent decision in State v. Window,, 150 Idaho 873, 253 P.3d 310 (2011).
As the majority notes in Window,, the Idaho Supreme Court held that a sentencing court may impose a determinate life sentence based solely upon the nature and gravity of the offense. Id. at 876, 253 P.3d at 313. The Court further held that a defendant’s potential for rehabilitation may also be considered, but reiterated that the primary concern for a sentencing court is the protection of society. Id. at 879, 253 P.3d at 316; see also State v. Moore, 78 Idaho 359, 363, 304 P.2d 1101, 1103 (1956). In Window,, the defendant severely beat his mother with a homemade club and then viciously stabbed her to death. The Supreme Court found no error in the imposition of the life sentence in that case based on the severe brutality and heinous nature of the crime. Window, 150 Idaho at 876, 253 P.3d at 313.
Our appellate courts have decided similar cases where determinate life sentences were affirmed based upon the heinous nature of the crimes committed. For instance, in State v. Stevens, 146 Idaho 139, 191 P.3d 217 (2008), the Idaho Supreme Court affirmed a fixed life sentence for the first degree murder of an eleven-month-old baby. In formulating the sentence, the sentencing court noted the brutal nature of the attack on a helpless, defenseless child. The Idaho Supreme Court affirmed the sentence, concluding that the injuries suffered by the child were “extreme” and that the amount of force required to cause the child’s death was “amazing.” Id. at 149, 191 P.3d at 227. The Supreme Court concluded that, even if the sentencing court had remained silent as to its reasons for imposing the fixed life sentence, the record alone would have supported the sentence. Id.
Similarly, in State v. Jensen, 137 Idaho 240, 46 P.3d 536 (Ct.App.2002), the defendant was also convicted of first degree murder and given a fixed life sentence. We described the facts of that case as follows:
The next morning, Jensen and her two accomplices drove to the victim’s apartment and waited for Jensen’s husband to leave for work. The three entered the victim’s apartment and restrained the victim. The record reflects that the victim begged Jensen not to inject her with methamphetamine because she was allergic to it. Despite the victim’s pleas for mercy, Jensen injected the victim with insulin and methamphetamine. Jensen then watched the victim suffer for almost an hour, until she was satisfied that the victim could not call for help and would die soon. Jensen could *262 have reversed the effects of the insulin and prevented the victim’s death at any time during that hour. Jensen then fled the apartment with her two accomplices and left the victim’s three-year-old daughter alone to watch her mother die.
Jensen, 137 Idaho at 243, 46 P.3d at 539. Based on those facts, the sentencing court determined that the circumstances surrounding the murder were so heinous that a fixed life sentence was necessary. This Court affirmed, concluding that Jensen’s offense was so egregious that it demanded the “exceptionally severe measure of retribution and deterrence.” Id. at 245, 46 P.3d at 541.
Finally, in State v. Williams, 135 Idaho 618, 21 P.3d 940 (2001), this Court upheld a determinate life sentence for a defendant who brutally murdered a person he suspected was a police informant. Williams beat the victim repeatedly with a golf club, at one point shouting “Fore” just prior to hitting the victim in the head. In addition, when the victim attempted to escape, Williams ran the victim over in the victim’s car at least three times. Evidence at trial revealed that the vehicle’s tires had been spun on the victim’s leg. Citing retribution and protection of society, the sentencing court imposed a fixed life sentence. This Court affirmed, holding that the egregious nature of the crime rendered such a sentence reasonable. Id. at 621, 21 P.3d at 943.
In this case, the district court relied heavily upon the premeditated nature of the crime when imposing the determinate life sentence:
In the end analysis, Mr. Thurlow, while it is not normally my position to agree to this extent, I think this particular case, given the deliberate and premeditated nature of this case, I think it does mandate and demand that the court impose the most significant sentence that this court is able to impose under the law. And it’s for that reason that I think that the appropriate disposition and appropriate consequence to serve purposes mainly as retribution in this case, and also protection of society, is to simply make sure that you are incarcerated for the rest of your life without the opportunity for parole.
(Emphasis added.) However, the deliberate or premeditated nature of a crime is distinguishable from the brutality and heinous nature of the act as considered by the sentencing courts in Windom, Stevens, Jensen, and Williams. The district court in this ease made no mention of the crime’s egregiousness or particularly heinous nature, relying primarily on Thurlow’s planning of the crime in advance. Therefore, based upon the standard articulated in Windom and the application of such a standard in our previous ease law, I would vacate Thurlow’s determinate life sentence and remand to the district court for resentencing.