**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 42352, 42353 & 42354**

| | |
|---|---|
| **STATE OF IDAHO,** | ) **2015 Unpublished Opinion No. 494** |
| | ) |
| **Plaintiff-Respondent,** | ) **Filed: May 19, 2015** |
| | ) |
| **v.** | ) **Stephen W. Kenyon, Clerk** |
| | ) |
| **TRAVIS MICHAEL ARNOLD,** | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

Orders revoking probation, <u>affirmed</u>; judgment of conviction and consecutive unified sentence of seven years, with a minimum period of confinement of one year, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

In Docket No. 42353, Travis Michael Arnold pled guilty to possession of methamphetamine. The district court sentenced Arnold to a unified term of five years, with a minimum period of confinement of two years, but suspended the sentence and placed Arnold on probation.

In Docket No. 42352, Arnold pled guilty to two counts of delivery of a controlled substance. The district court sentenced Arnold to unified terms of nine years, with minimum

1

periods of confinement of three years. The district court revoked Arnold's probation in Docket No. 42353 and ordered execution of his sentence. However, the district court ordered that all three sentences run concurrent, retained jurisdiction in both cases, and ultimately placed Arnold on probation.

Thereafter, Arnold pled guilty in Docket No. 42354 to possession of a controlled substance, heroin. I.C. § 37-2732(c)(1). The district court sentenced Arnold to a unified term of seven years, with a minimum period of confinement of one year. The district court revoked Arnold's probation in Docket Nos. 42352 and 42353 and ordered execution of his original sentences. The district further ordered that Arnold's sentence in Docket No. 42354 run consecutive to his other two sentences. Arnold appeals, asserting that the district court erred in ordering that his sentence in Docket No. 42354 be served consecutively rather than concurrently.[1]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Idaho Code Section 18-308 authorizes the district court to impose consecutive sentences. Whether the sentence for one crime should be consecutive to the sentence of another is a decision within the sound discretion of the trial court. *State v. Helms*, 130 Idaho 32, 35, 926 P.2d 230, 233 (Ct. App. 1997); *State v. Elliott*, 121 Idaho 48, 52, 822 P.2d 567, 571 (Ct. App. 1991).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Arnold's orders revoking probation in Docket

---

[1]    Arnold appealed from his orders revoking probation in Docket Nos. 42352 and 42353. However, Arnold makes no argument or authority in regard to the orders revoking his probation. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Therefore, we do not address these appeals.

Nos. 42352 and 42353 and Arnold's judgment of conviction and sentence in Docket No. 42354 are affirmed.