**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44785**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 665** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: December 14, 2017** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **ANDREW GARRETT BARRY,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott L. Wayman, District Judge.

Order denying Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

—————————————————————

GUTIERREZ, Judge

Andrew Garrett Barry appeals from the district court's order denying his motion to continue and denying his Idaho Criminal Rule 35 motion for reduction of sentence. Barry argues the district court abused its discretion in denying his motion to continue the Rule 35 hearing and in denying his Rule 35 motion on the merits. For the reasons set forth below, we affirm.

The record reflects that on June 28, 2015, Barry went to the victims' house to retrieve his dog that Barry's estranged wife had given to the family. When S.F. opened the door, Barry pushed past him and demanded the return of his dog. Without warning or provocation, Barry attacked S.F. by punching him numerous times in the head. Continuing the assault, Barry took S.F. to the ground and attempted to choke him. C.F., S.F.'s wife, then grabbed a Glock 9 mm in an attempt to stop Barry. However, C.F. did not shoot at Barry in fear of shooting S.F. or their

1

son.  Barry attempted to take the gun from C.F. and broke her foot in the process.  C.F.'s son was able to force Barry off of S.F., breaking the son's left pinky.  Barry ultimately took the dog and left. The incident was reported to police and charges were filed.

Pursuant to a plea agreement, Barry pled guilty to burglary in exchange for the dismissal of robbery, battery, and malicious injury to property charges.  The district court imposed a unified sentence of five years, with a minimum period of confinement of two years, on April 21, 2016.  On August 18, 2016, 119 days after judgment was entered, Barry filed an Idaho Criminal Rule 35 motion for reduction of sentence.  At the initial Rule 35 hearing held on November 10, 2016, Barry requested a continuance to give him an opportunity to speak to and apply with mental health court, which was granted.  At the rescheduled hearing on December 5, 2016, Barry again requested a continuance to allow personnel from the mental health court more time to review and decide on Barry's eligibility, which the district court denied.  At the same hearing, Barry's counsel renewed his motion for a continuance when Barry, then an inmate at the Idaho State Correctional Institution, was unavailable to appear telephonically.  The district court denied the renewed motion but allowed Barry's counsel to make an offer of proof as to what Barry would have testified.  After hearing the offer of proof and argument, the district court denied Barry's Rule 35 motion.  Barry timely appeals.

Barry argues the district court abused its discretion in denying his motion to continue the Rule 35 hearing and in denying his Rule 35 motion on the merits.  We address each issue in turn.

Barry contends the district court abused its discretion by refusing to further delay its ruling on his Rule 35 motion until after the mental health court personnel completed review of Barry's application for acceptance.  The decision to grant a motion for a continuance rests within the sound discretion of the trial court.  *State v. Ransom*, 124 Idaho 703, 706, 864 P.2d 149, 152 (1993).  Within this discretion is the requirement that the district court rule on a Rule 35 motion within a reasonable period to avoid losing jurisdiction.  *State v. Matteson*, 123 Idaho 622, 627, 851 P.2d 336, 341 (1993).  Generally, it has been held that unless an appellant shows that his or her substantial rights have been prejudiced by reason of a denial of his or her motion for continuance, appellate courts can only conclude that there was no abuse of discretion.  *State v. Cagle*, 126 Idaho 794, 797, 891 P.2d 1054, 1057 (Ct. App. 1995).

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court.  *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d

2

23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). A trial court must rule on the Rule 35 motion within a reasonable time to avoid losing jurisdiction. *State v. Chapman*, 121 Idaho 351, 352, 825 P.2d 74, 75 (1992).

When a trial court's discretionary decision in a criminal case is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

At the initial Rule 35 hearing on November 10, 2016, Barry's counsel requested a continuance to allow Barry to pursue acceptance into the mental health court program, which the district court granted. At the rescheduled hearing on December 5, 2016, Barry's counsel twice requested a continuance to allow more time for personnel from the mental health court program to review and act on Barry's application and because Barry was unavailable to appear telephonically. The district court denied both motions; however, the district court allowed Barry's counsel to make an offer proof of the testimony Barry would have given. Barry argues that a continuance would not have caused unreasonable delay because the circumstances causing the new delay were out of Barry's control and that his substantial rights were prejudiced as he was deprived of a meaningful opportunity to present an alternative sentencing option.

To the contrary, Barry's counsel was given the opportunity to offer proof of Barry's anticipated testimony regarding alternative treatment through mental health court. Further, Barry filed his Rule 35 motion 119 days after judgment was entered, one day before the 120-day deadline required by Rule 35. The court did not hear arguments on the motion until three months after the motion was filed. As the court had considered the alternative treatment plan Barry offered, unreasonable delay would have been caused had the district court granted Barry's motion to continue at the rescheduled hearing. We conclude Barry's substantial rights were not prejudiced as Barry was given an opportunity to present the alternative treatment.

In regard to Barry's Rule 35 motion, the district court considered all sentencing factors and the possibility of alternative treatment. However, given the violent nature of the incident giving rise to the charges, the district court ultimately determined that protecting society would best be accomplished by some period of imprisonment. The facts in this case amply support the district court's decision to give greater weight to the protection of society sentencing factor. *State v. Moore*, 78 Idaho 359, 363, 304 P.2d 1101, 1103 (1956) ("The primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end."). The record thus reflects that treatment alternatives were considered by the district court at the time of sentencing, including rehabilitation.

In conclusion, the district court did not abuse its discretion in denying Barry's motions to continue the Rule 35 hearing or in denying his Rule 35 motion. Accordingly, the district court's order denying Barry's Rule 35 motion is affirmed.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.