805 P.2d 501

STATE of Idaho, Plaintiff–Respondent,

v.

Robert L. KERN, Defendant–Appellant.

No. 18507.

Court of Appeals of Idaho.

Feb. 11, 1991.

Monte R. Whittier, Bannock County Public Defender, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen. and Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Robert Kern pled guilty to the crime of first-degree burglary. I.C. §§ 18–1401 and 1402. He appeals from the judgment of the district court imposing a unified sentence of eleven years in the custody of the Board of Correction with a minimum period of confinement of three years. He also appeals the district court's order denying his motion under I.C.R. 35 for reduction of his sentence.

In November, 1988, when Kern was nineteen, he was arrested for selling one-half pound of marijuana. He pled guilty to the charge of conspiring to deliver marijuana. The court sentenced him to serve a fixed term of two years followed by an indeterminate term of three years and retained jurisdiction for 120 days. The North Idaho Correctional Institution recommended that Kern be placed on probation. In May, 1989, the court suspended the sentence previously imposed and placed Kern on probation for five years.

In October, 1989, Kern broke into a bar in Lava Hot Springs. He was caught walking out of the bar with a cardboard box containing money from the cash register. When the police searched Kern's automobile, they found several items that had been taken in car burglaries earlier that night in Pocatello. He was charged with first degree burglary in connection with the break-in at the bar. He pled guilty and was sentenced to eleven years in prison, with a minimum term of three years. The court also revoked Kern's probation on the conspiracy to deliver marijuana conviction and ordered that the previously-imposed sentence be executed and served concurrently with the burglary sen-

tence.[1]

Kern does not claim that his sentence exceeds the statutory maximum. His sentence is less than the maximum sentence for burglary in the first degree which is fifteen years. I.C. § 18–1403. Kern appeals his sentence claiming that the court abused its discretion by not adequately considering his need for rehabilitation. He also contends that the court abused its discretion by refusing to grant his I.C.R. 35 motion for reduction of sentence.

The primary responsibility for sentencing rests within the discretion of the trial judge. *State v. Delin,* 102 Idaho 151, 152, 627 P.2d 330, 331 (1981). In evaluating sentences imposed under the Unified Sentencing Act, I.C. § 19–2513, the minimum fixed period generally will be treated as the probable measure of confinement for the purpose of sentence review. *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989); *see also State v. Kysar,* 116 Idaho 992, 783 P.2d 859 (1989). Because Kern's sentence is within the statutory maximum, we will uphold it on appeal unless the sentencing court abused its discretion. *State v. Nice,* 103 Idaho 89, 90, 645 P.2d 323, 324 (1982).

Kern has the burden of demonstrating that the trial court abused its sentencing discretion. *State v. McPhie,* 104 Idaho 652, 656, 662 P.2d 233, 237 (1983). Reasonableness is a fundamental requirement in the exercise of discretion at sentencing. *State v. Nice,* 103 Idaho at 90, 645 P.2d at 324. Several factors are relevant in deciding whether a particular sentence is reasonable. The primary consideration in sentencing is the good order and protection of society; though humanitarian considerations and rehabilitation are important to our society, they cannot be allowed to control or defeat punishment, or to force our courts to ignore or subordinate other factors to the detriment of our society. *See State v. Moore,* 78 Idaho 359, 363, 304 P.2d 1101, 1103 (1956).

A sentence is reasonable if it accomplishes the primary objective of protecting society and meets any or all of the related goals of deterrence, rehabilitation, or retribution. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). The reasonableness of the sentence must be considered in light of the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Shideler,* 103 Idaho 593, 594, 651 P.2d 527, 528 (1982); *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). The transcript of the sentencing hearing reflects the district court's proper consideration of these factors.

The district court had before it the pre-sentence investigation reports for both the conspiracy and the burglary offenses. The reports revealed that Kern was from a dysfunctional family; his father was an alcoholic who physically abused his son. Although this fact does not excuse Kern's criminal behavior, the poor family environment no doubt contributed to it. He has an extensive juvenile record. The court expressed its concern that the defendant had had numerous opportunities to comply with the terms of his probation, but had nevertheless failed to abide by the rules of society. The court concluded that Kern was likely to fail on any type of probation program and noted the importance of protecting society from him. The court stated that three years in a structured environment was necessary to let the defendant know that society "would not tolerate his conduct anymore." We note that it is entirely within the discretion of the trial court to determine that if rehabilitation measures undertaken during probation fail, such measures should be shifted to the more structured setting of a custodial facility. *See State v. Corder,* 115 Idaho 1137, 772 P.2d 1231 (Ct.App.1989). We conclude that the court properly considered the factors set forth in *Toohill.* The defendant has failed to come forward

---

1. In his notice of appeal, Kern indicated that he intended to appeal the order revoking his probation and directing the execution of the previously-imposed sentence. He has submitted no arguments or authority regarding this issue; therefore, we will not consider it on appeal. I.A.R. 35; *State v. Hoisington,* 104 Idaho 153, 159, 657 P.2d 17, 23 (1983).

with any convincing proof that his sentence is unreasonable. We are unable to discern any abuse of discretion by the trial court on the issue of sentencing.

We next turn to Kern's contention that the court abused its discretion by refusing to grant his motion for reduction of his burglary sentence under I.C.R. 35. The motion did not assert that the sentence was illegal or had been imposed in an illegal manner, but rather was a plea for leniency.

 A motion to reduce a legal sentence imposed in a legal manner is addressed to the sound discretion of the trial court. *State v. Arambula*, 97 Idaho 627, 630, 550 P.2d 130, 133 (1976). In determining whether the district court abused its discretion in denying the defendant's motion under I.C.R. 35, this court applies the same criteria used for reviewing the reasonableness of the original sentence. *State v. Clayton*, 112 Idaho 1110, 739 P.2d 409 (Ct.App.1987). A Rule 35 motion is essentially a plea for leniency from an unduly severe sentence. *State v. Sanders*, 112 Idaho 599, 733 P.2d 820 (Ct.App.1987).

The motion to reduce a sentence under this rule may be granted if the sentence originally imposed was unduly severe. *State v. Martinez*, 113 Idaho 535, 536, 746 P.2d 994, 995 (1987). Having examined the entire record before us, we are satisfied that the sentence is not unduly severe and that the district court did not abuse its discretion in declining to grant Kern's motion.

The judgments of the district court and the sentences imposed on both the conspiracy to deliver marijuana and the first-degree burglary convictions, and the order denying Kern's Rule 35 motion, are affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.