812 P.2d 327

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Ronald DEBOER, Defendant–Appellant.**

No. 18921.

Court of Appeals of Idaho.

June 5, 1991.

---

Gregory A. Jones, Kootenai County Public Defender, and Timothy H. Gresback, Deputy Public Defender, Coeur d'Alene, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen. and James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent.

## PER CURIAM.

Based on a plea agreement, Ronald Deboer pled guilty to a charge of first degree burglary. The district court imposed a unified sentence of five years with a minimum period of confinement of one year. Deboer appeals, arguing that the sentence is excessive. We disagree and hold that the trial court acted within its discretion when it imposed the sentence.

The facts of this case can be stated briefly. On October 30, 1989, the Coeur d'Alene city police responded to reports of possible thefts from two Circle K convenience stores in Coeur d'Alene. After receiving the same descriptions of the suspects from both stores, the police went to several other Circle K stores for more information. While at one store, the police were told that the suspects, one later identified as Deboer, recently had been there and had left driving a white van with a specified license number. The same clerk later stated that several cartons of cigarettes had been stolen. Shortly thereafter, the police found Deboer and another suspect in the white van, along with numerous cartons of cigarettes carrying labels from the Circle K store that reported the cigarettes stolen. Initially charged with two counts of first degree burglary, Deboer entered into a plea bargain in which he pled guilty to one of the charges. He appeals his sentence.

The maximum sentence allowed for first degree burglary is fifteen years in prison. I.C. § 18–1403. The district court sentenced Deboer to a one-year minimum period of confinement with a maximum period of incarceration not to exceed five years. We consider Deboer's probable term of confinement to be the minimum term defined by the court. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App. 1989). We are unable to speculate as to a possible longer term of confinement beyond the minimum term because the Commission on Pardons and Parole is vested

with the discretion to grant or deny parole at any time after completion of the fixed term until the expiration of the maximum term. I.C. § 19–2513. *See State v. Bartlett,* 118 Idaho 722, 800 P.2d 118 (Ct.App. 1990). Thus, we will treat Deboer's probable term of confinement as one year.

■ A sentence within the statutory limit will not be disturbed on appeal unless the defendant can show that the sentencing court abused its discretion. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982). A sentence may represent an abuse of discretion if it is shown to be unreasonable considering the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence is reasonable if it accomplishes the primary objective of protecting society and meets any or all of the related goals of deterrence, rehabilitation, or retribution. *State v. Toohill, supra.* The reasonableness of the sentence must be considered in light of the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

■ The record reflects that the district court properly considered the sentencing factors set out in *Toohill.* The court had before it the pre-sentence investigation report which revealed Deboer's lengthy criminal record. The report and Deboer's own statements indicate that he has been addicted to alcohol and heroin intermittently for many years. Deboer admitted and the court noted that many of Deboer's crimes arose from his attempts to feed his addictions, resulting in his incarceration several times. The court pointed out that Deboer's previous attempts to avoid drugs and alcohol have failed. The court was aware of Deboer's feeling that the most important concern to him was his son, and that providing care for the child was the only matter that would help the defendant go straight. However, in light of Deboer's demonstrated inability to confine his actions to the dictates of the law, the court held that the protection of society and the deterrence of others warranted the sentence imposed. We are unable to discern any abuse of discretion by the trial court.

For the foregoing reasons, we affirm the judgment of conviction and sentence imposed by the trial court.