826 P.2d 488

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jesse Stephen BIRKY, Defendant–Appellant.**

**No. 19449.**

Court of Appeals of Idaho.

Feb. 4, 1992.

Alan E. Trimming, Ada County Public Defender, Timothy L. Hansen, Deputy Public Defender, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Jesse Stephen Birky was sentenced to an aggregate four years in the custody of the Board of Correction, with a minimum term of nine months, after pleading guilty to second-degree burglary. I.C. §§ 18–1401, –1402, –1404. The court ordered the sentence to be served concurrently with an identical sentence which had been imposed on Birky in another case and which he was already serving. On appeal from the judgment of conviction and sentence, Birky contends that the court abused its discretion by not fully considering his difficult childhood and learning disabilities and by concentrating on the protection of society over

other sentencing goals, namely, rehabilitation. We affirm the judgment of conviction and sentence imposed by the district court.

■ Ordinarily, a sentence within the limits prescribed by statute will not be considered an abuse of discretion by the trial court. *State v. Osborn,* 104 Idaho 809, 663 P.2d 1111 (1983). A sentence may represent an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Deboer,* 119 Idaho 1020, 812 P.2d 327 (Ct.App.1991); *State v. Matthews,* 118 Idaho 659, 798 P.2d 941 (Ct.App.1990). To be deemed reasonable, a sentence of confinement must appear at the time of sentencing to be necessary to accomplish the primary object of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution. *State v. Toohill,* 103 Idaho 565, 586, 650 P.2d 707, 710 (Ct.App.1982). The reasonableness of a sentence must be considered in light of the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982).

■ The court was made aware, through the presentence report, of the physical and emotional abuse suffered by Birky as a child. The report also disclosed that Birky had experienced difficulties in school and had been prescribed medication to control his behavior. In acknowledging this information, however, the judge did not find that Birky's childhood excused his unlawful conduct. In addition, the judge was concerned about Birky's prior criminal record, which included juvenile problems, convictions for theft, a sexual abuse of a minor child, probation and parole violations, and his failure to conform to the standards expected of a twenty-year old man.

Although humanitarian considerations and rehabilitation are important to our society, they cannot be allowed to control or defeat punishment, or to force our courts to ignore or subordinate other factors to the detriment of our society. *State v. Kern,* 119 Idaho 295, 297, 805 P.2d 501, 503 (Ct.App.1991), *citing State v. Moore,* 78 Idaho 359, 363, 304 P.2d 1101, 1103 (1956).

We conclude that Birky has not met his burden of demonstrating that the court abused its discretion in the manner in which it considered the factors of *Toohill.* We hold that the nine-month fixed sentence, which is the probable measure of confinement for purposes of a sentence review, was not unreasonable. *See State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). The judgment of conviction and sentence, therefore, are affirmed.

SILAK, J., concurs.

WALTERS, Chief Judge, specially concurring.

I agree that the judgment and sentence in this case should be affirmed, but for a reason other than addressed in the foregoing opinion. In my view, this appeal should be denied on the ground of invited error.

The record of the sentencing proceeding shows that the sentence received by the defendant was specifically requested by his counsel, consistent with a bargained plea agreement with the state. He is now in a poor position to argue that the court abused its sentencing discretion after the court imposed the exact same sentence pleaded for by the defendant. It is well established that a defendant may not request a particular ruling by the trial court and later argue on appeal that the ruling was erroneous. *State v. Owsley,* 105 Idaho 836, 673 P.2d 436 (1983). This principle applies to appellate review of sentences in criminal cases. *See State v. Leyva,* 117 Idaho 462, 788 P.2d 863 (Ct.App.1990); *State v. Carper,* 116 Idaho 77, 773 P.2d 1164 (Ct.App.1989); *State v. Griffith,* 110 Idaho 613, 716 P.2d 1385 (Ct.App.1986).

Accordingly, the sentence in this case must be affirmed.