871 P.2d 835

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Gary Donald SALTER, Jr., Defendant–Appellant.**

No. 19052.

Court of Appeals of Idaho.

March 4, 1994.

Petition for Review Denied April 28, 1994.

Alan E. Trimming, Ada County Public Defender, Boise, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PERRY, Judge.

Gary Donald Salter pled guilty to rape and was sentenced to an indeterminate life term with a twenty-five year period of minimum confinement. He appeals his sentence, asserting that the district court abused its discretion in imposing a determinate term of twenty-five years. We affirm.

Salter originally was charged with first degree kidnapping and infamous crime against nature, stemming from an incident in Boise, in July 1990. These charges were dismissed when Salter agreed to plead guilty to rape. I.C. § 18–6101. Salter had been in the same bar where the victim and her friends were drinking alcohol and listening to the band. The victim denies ever speaking with Salter in the bar, but she learned from her girlfriend that Salter had asked questions about her. As the victim was leaving the bar at approximately 1:45 a.m., Salter grabbed her, pushed her into his car and drove off. Salter stopped the car in Ann Morrison Park, where the victim tried to escape. Salter tackled the victim to the ground and threatened to hurt her if she did not cooperate. Tying her arms behind her back with his shirt, he forced her face down into the back seat of the car.

Salter then drove to another location. He was persuaded to untie the victim's arms, and he claims that she responded to his kisses and fondling before he had intercourse with her. From the force Salter applied to abduct the victim and subsequently rape her, the victim received multiple scrapes and bruises on her breasts and her buttocks. She also suffered a large bruise on her face when she struck her face on the door of the car. After the rape, Salter drove back to the park so the victim could retrieve her jacket, which had been lost in the struggle. There, she ran from the car to the parking lot of the bar where the night's events had begun. The victim was found wandering, disoriented, around the parking lot by a security guard to whom she first reported the rape.

 Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it

is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is unreasonable if, in light of the governing criteria, the sentence is excessive under any reasonable view of the facts. *State v. Charboneau*, 124 Idaho 497, 500, 861 P.2d 67, 70 (1993), *citing State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1992).

Salter's sentence is within the statutory maximum of life imprisonment for the crime of rape. I.C. § 18–6104. In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Salter bears the burden of establishing that a sentence of twenty-five years is an abuse of sentencing discretion under any reasonable view of the facts. However, this Court will not substitute its own view for that of the sentencing judge where reasonable minds might differ. *Toohill, supra.*

 On review of a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). The presentence report disclosed that Salter was thirty-two years old. He reported a history of alcohol abuse and some experimentation with drugs from the time he was thirteen. Letters from his family revealed that he got into problems when he drank and used drugs. Salter disclosed that he had been sexually abused by a neighbor when he was ten years old, although he had guarded this secret from his family for many years. He described his upbringing as good, and he continues to enjoy the support of his family and his wife. When Salter committed this crime against the victim, he was under the influence of alcohol.

Salter, however, also has a prior criminal record which includes felony convictions for

first degree burglary in 1977 and possession of stolen property in 1981. He has been found guilty of numerous misdemeanors, including possession of marijuana, driving while intoxicated, driving while suspended and resisting and obstructing an officer. Salter's record of probation violations and failure to appear convictions further indicate Salter's lack of respect for the law. Salter has had the benefit of a 120–day rider program and probation, neither of which had the desired impact of rehabilitating Salter from his unlawful behavior.

The district court considered the presentence report and the argument of counsel at the sentencing hearing. The district court viewed this crime as a violent crime and determined that Salter's criminal conduct had become increasingly serious. The undisputed list of approximately thirty offenses in the previous thirteen years led the district court to conclude that "[a] record of that length is, in my view, strong evidence of a serious risk of re-offense, both of this conduct and other serious conduct, which could endanger the public safety." Salter's substance abuse "from the age of 16, including heroin and LSD usage ... [is] an indication that the defendant does not feel that the rules of society apply to him." In its remarks at sentencing, the district court carefully addressed the sentencing goals with respect to Salter. The district court was not influenced by Salter's recognition of the wrong he had done and his promises to modify his behavior in the future to conform to the law because his statements were identical in substance to those made at his earlier sentencings. The district court concluded that Salter's past incarcerations had done little to deter him from further crime. The district court stated that Salter needed to be severely punished for his uninvited and unprovoked attack and for taking from the victim her sense of personal security which would not easily be restored to her.

Salter argues, however, that the district court misinterpreted the information presented in the psychological reports. He also argues that the witness' statements and statements from Salter's past employers were inaccurate and misled the district court.

However, in view of Salter's extensive record of unlawful activity, the district court was justified in rejecting the suggestion that the rape was an aberrational act precipitated by unusual events in Salter's life which would not reoccur. The district court considered all of this information and commented that these reports convinced it further that Salter was a "great danger to society, and ... that his ability to be rehabilitated at this point is quite slim." The district court concluded:

> Under these circumstances, I think a long period of incarceration is the only reasonable option to the court, both because the penalty for putting somebody through this ought to be severe. People ought to know that if they make this choice, they will pay a very heavy price for it.

The record shows that the district court appropriately considered the nature of the offense, the character of the offender and the sentencing objectives in imposing the sentence. We have held that a sentence need not serve all the sentencing goals; indeed the goals of retribution, deterrence and the protection of society, "by themselves, are sufficient to justify the sentence." *State v. Waddell,* 119 Idaho 238, 241, 804 P.2d 1369, 1372 (Ct.App.1991). In light of the sentencing criteria, we conclude that Salter's sentence was not an abuse of the district court's discretion.

The judgment of conviction for rape and the twenty-five years to life sentence are affirmed.

WALTERS, C.J., and LANSING, J., concur.