952 P.2d 904

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Angel PUGA, Defendant–Appellant.**

No. 23211.

Court of Appeals of Idaho.

Nov. 6, 1997.

Rehearing Denied Jan. 9, 1998.

Review Denied March 30, 1998.

Van G. Bishop, Canyon County Public Defender, Nampa, for defendant-appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

SCHWARTZMAN, Judge.

Angel Martinez Puga pled guilty to one count of felony driving under the influence of alcohol and also to being a persistent violator. After hearing evidence, the district court imposed a unified sentence of twenty-five years, with twenty years fixed, and denied a subsequent Rule 35 motion. Puga appeals his enhanced sentence and the denial of his Rule 35 motion, arguing that the district court abused its discretion in imposing such a severe, rigid sentence. For reasons explained below, we affirm.

The circumstances leading to the imposition of this lengthy prison term arise primarily from Puga's serious and unabated history of driving while the under the influence of alcohol (DUI). In 1979, Puga received a DUI in Arizona. In 1985, he was involved in an alcohol-related car accident in Idaho that killed two people and left two members of the same family seriously injured. *See State v. Puga*, 111 Idaho 874, 728 P.2d 398 (Ct. App.1986). Puga was subsequently convicted of two counts of vehicular manslaughter and two counts of aggravated DUI; he served only five years of a seven-year fixed term in the penitentiary.[1] Following his release in May of 1990, Puga continued to drive while under the influence of alcohol. In June of 1991 and December of 1992, Puga was arrested and subsequently convicted for driving under the influence. Moreover, in March of 1994 Puga was arrested and convicted for driving without privileges. On December 27, 1995, the time of the instant offense, Puga was also facing charges in Oregon for driving under the influence. On the basis of this information and in light of failed rehabilitation attempts, the district court noted that Puga was not a suitable candidate for rehabilitation and that a lengthy term of incarceration would be necessary for purposes of deterrence, both general and specific, retribution, and above all, the protection of society. The court determined that unless Puga

---

1. Apparently, Puga was given a good-conduct reduction of sentence under I.C. § 20–101A, which is applicable to offenses committed prior to July 1, 1986.

was removed from society generally, "the motoring public of the State of Idaho cannot be protected from the compulsive and dangerous drinking of Mr. Puga . . : and that the people will not be safe upon the roadways as long as Mr. Puga is permitted to operate a motor vehicle thereon."

■ Puga challenges his lengthy prison term, especially the twenty year fixed portion thereof, asserting that this term is unreasonable and unnecessary to meet the goals of protecting society, deterrence, retribution, and rehabilitation. For purposes of sentencing review, we consider the fixed period of confinement of twenty years to be the probable measure of Puga's incarceration. *See, e.g., State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). We evaluate the reasonableness of a sentence by considering whether, at the time of imposition, the sentence appears "necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Broadhead,* 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992). A sentence longer than necessary to achieve these goals is unreasonable and may constitute an abuse of discretion. *Id.*

■ The twenty-year fixed portion of the sentence is, indeed, exceedingly harsh. However, this must be counterbalanced by the appallingly egregious criminal record Puga has accrued with respect to this type of offense. The proverbial drunk driver cuts a wide path of death, pain and grief, as well as untold physical and emotional injury, across the roads of Idaho and the nation. The risks posed by Puga's desire to share the roadway are no exception. Puga, with full knowledge that drinking and driving has made him a killer in the past, continues to put his desire for alcohol and driving ahead of any concern for fellow man, woman, or child. Although a fixed sentence may run counter to rehabilitation goals, the decision to emphasize punishment and protection of society over rehabilitation in fashioning a sentence is one that is properly left to the sound discretion of the sentencing court. *See, e.g., State v. Puga,*

111 Idaho 874, 877, 728 P.2d 398, 401 (Ct. App.1986). In reviewing Puga's sentence, the question before us is not whether that sentence is the one this court would have chosen. Puga must show that his sentence is excessive under any reasonable view of the facts, considering applicable sentencing objectives. *State v. Charboneau,* 124 Idaho 497, 861 P.2d 67 (1993); *State v. Brown, supra.* Our examination of the entire record convinces us that the sentence pronounced is sustainable as necessary to protect society. The district judge need not wait for Puga to kill again before removing him from society.

The judgment of conviction and unified sentence are affirmed.

LANSING, C.J., and PERRY, J., concur.