109 P.3d 1122

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Joshua T. STEELE, Defendant–Appellant.**

**No. 30526.**

Court of Appeals of Idaho.

Feb. 2, 2005.

Review Denied April 14, 2005.

who was fourteen years old at the time of the offense.

In October 2002, fourteen-year-old Joshua T. Steele, without apparent provocation, bludgeoned his grandmother to death with a hammer. While she was dead or dying, he partially unclothed her and inserted a finger into her vagina. Shortly thereafter, distraught over his actions, Steele attempted suicide by driving a car over a cliff, but was unsuccessful because the car hit a tree. He then sought a gun to kill himself but was unable to obtain one. Steele then contacted police and made a false report of a bear attack. When officers responded to this fictitious report, Steele grabbed a deputy's weapon in an attempt to shoot himself. Deputies eventually found the grandmother's body, and Steele was charged with second degree murder, Idaho Code §§ 18–4001, 18–4003(g), and sexual penetration by a foreign object, I.C. § 18–6608. A plea agreement was reached by which Steele agreed to plead guilty to the sexual penetration charge and a charge of voluntary manslaughter, I.C. § 18–4006(1), reduced from second degree murder. The district court imposed a unified fifteen-year sentence with a ten-year determinate term for voluntary manslaughter and a unified life sentence with twenty-five years determinate for sexual penetration by a foreign object. Steele now appeals, challenging only the sentence for sexual penetration. Steele argues that in light of his turbulent childhood, mental illness, lack of prior felony record, and remorse, his sentence is excessive.

When a sentence is challenged on appeal, we examine the record, focusing upon the nature of the offense and the character of the offender, to determine if there has been an abuse of the sentencing court's discretion. *State v. Young*, 119 Idaho 510, 511, 808 P.2d 429, 430 (Ct.App.1991). The defendant bears the burden to show that the sentence is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). An abuse of discretion will be found only if, in light of the governing criteria, the sentence is excessive under any reasonable view of the

Molly J. Huskey, State Appellate Public Defender; Eric Don Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Melissa Nicole Moody, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

This appeal challenges the unified life sentence with a twenty-five-year determinate term for sexual penetration by a foreign object, which was imposed upon a defendant

facts. *State v. Charboneau*, 124 Idaho 497, 500, 861 P.2d 67, 70 (1993). Because sentencing decisions involve consideration of many intangibles and cannot be made with precision, where reasonable minds might differ as to the propriety of the term of confinement, the discretion vested in the sentencing court will be respected. *Toohill*, 103 Idaho at 568, 650 P.2d at 710.

■ There is no doubt that Steele experienced tragedy early in life. He was born to a drug-abusing mother who died when he was a toddler. Two-year-old Steele was found in his mother's home with her body two days after she had died. He was thereafter raised by his maternal grandmother, the victim in this case. At about the age of four or five, he was sexually molested by an adult male at the residence of his daycare provider.

After his arrest in this case, Steele was evaluated by numerous mental health professionals, both for the purpose of assessing his competence to stand trial and for purposes of sentencing. While these evaluators differed to some degree in their diagnosis and assessments, all agreed that Steele suffered serious mental disorders. Diagnoses included psychotic disorder, depressive disorder, intermittent explosive disorder, developing severe personality disorder, obsessive-compulsive features, and possible neurological/brain dysfunction. Steele had a history, before the present offense, of suicide attempts or gestures and an explosive temper. The evaluators agreed that the outcome of mental health treatment was not predictable and that Steele needed to be confined because he presented a danger to others and was at risk of committing more acts of violence.

In imposing sentence, the district court explained:

> It appears ... that the Defendant does have a psychological disorder. I have considered probation and treatment for the Defendant in lieu of incarceration.

> In considering that it is quite clear that the Defendant has an explosive intense and uncontrollable behavior. He has a terrible temper. He is compulsive. He is a very withdrawn individual. His behavior is erratic and aggressive.

> He has absolutely no sense of self-worth. He appears to be very confused and disoriented, a young man that suffers from anxiety and depression and hopelessness. He is a loner. He is distant. He is difficult to get to know. He is not one that had a lot of friends.

> He is not a strong, independent person. He doesn't have well-defined coping skills. He is very unpredictable with no real social skills. He is socially and emotionally withdrawn, and he doesn't have the ability to form close relationships with people. That is clear as the history of this Defendant has been presented to the Court.

> He in fact considers himself a continued risk to other individuals, and he believes based on his long history of violent outbursts that he [may] very well harm someone again.

> He does in fact present a risk for future violence—sexual or otherwise. He doesn't have any direction in his life. He is unfocused regarding values and any goals. As I indicated, he has low self-esteem. He spent much of his time engaged in fantasy.

> And quite often this fantasy is blurred with reality. In his fantasies apparently he is preoccupied with aggressive behavior and sexual fantasies. He fantasizes about molesting and hurting people including children.

> So all of these facts make it very clear that he does in fact present a clear and imminent danger to society and that treatment that could be provided by a probationary period outside the walls of prison would be inappropriate and ineffective.

> I have considered the need for retribution in this particular offense. We have heard from the victims in this matter. We know how they have been affected losing their mother and a loved one. And society needs to have this type of behavior addressed and punished.

> To impose any sentence less than the one I'm going to impose, I believe, would minimize the seriousness of this offense. It is necessary to impose this sentence not only to deter the Defendant from committing this type of crime in the future but

also to deter other individuals from committing a similar offense.

This particular offense, as we know, was clearly cruel and heinous. The killing of his grandmother, beating her with a hammer, and sexually molesting her following that, is especially egregious.

The district court's comments regarding the implications of Steele's mental illness, the risk that he presents to others, and the heinous nature of the offense are well supported by the record. The court appropriately took into account the objectives of sentencing and, in particular, the goal of protecting society. Comments we made in *State v. Moore*, 127 Idaho 780, 906 P.2d 150 (Ct.App.1995), concerning a sentence of twenty-five years to life imposed upon another fourteen-year-old who killed are equally applicable in Steele's case:

> The fashioning of sentences for offenders who are as young as [the defendant], but who have committed grievous crimes, is among the most difficult tasks facing any court. For a judge charged with this responsibility, there arises a natural and humane concern to attempt to salvage the life of one so young. Competing with this concern, however, is the obligation of the court to protect society from dangerous criminals, to assure that heinous crimes are adequately punished, and to deter such conduct. Although the sentence imposed is undoubtedly stringent for one so young, in view of the evidence before the district court regarding the high likelihood of reoffense by [the defendant] and the limited potential for his rehabilitation, we cannot say that the sentence imposed was excessive under any reasonable view of the facts.

*Id.* at 785, 906 P.2d at 155.

In the circumstances presented here, Steele has not shown that the challenged sentence was an abuse of the district court's discretion. Therefore, the sentence imposed by the district court is affirmed.

Chief Judge PERRY and Judge GUTIERREZ concur.